Filed 9/11/23  P. v. King CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEMAUJAE KING,<br><br>    Defendant and Appellant. | B323984<br><br>(Los Angeles County<br>Super. Ct. No. BA440138) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert C. Vanderet, Judge.  Reversed with directions.

Richard B. Lennon, Olivia Meme, California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Ivan Ivri, Supervising Deputy

Attorney General, and Theresa A. Patterson, Deputy Attorney General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Demaujae King appeals from the superior court's order denying his petition for resentencing under Penal Code section 1172.6 (former section 1170.95).[1]  The court denied the petition without issuing an order to show cause.  We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *King Pleads No Contest to Voluntary Manslaughter*
In July 2017 the People charged King, the driver, and fellow gang member Calvin Lykes, the shooter, with murdering, "unlawfully and with malice aforethought," a rival gang member. The People alleged King committed the murder for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members.  The People also alleged a principal personally used a firearm, within the meaning of section 12022.53, subdivisions (b) and (e)(1); a principal personally and intentionally discharged a firearm, within the meaning of section 12022.53, subdivisions (c) and (e)(1); and a principal personally and intentionally discharged a firearm causing great bodily injury or death within the meaning of section 12022.53, subdivisions (d) and (e)(1).

_____

[1]    Statutory references are to the Penal Code.

2

In October 2018, pursuant to a negotiated agreement, King pleaded no contest to an amended information charging him with voluntary manslaughter. King also admitted allegations that he used a firearm, within the meaning of section 12022, subdivision (a)(1), and that he committed the offense for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1)(C). The trial court sentenced King, pursuant to the plea agreement, to a prison term of 22 years, consisting of the upper term of 11 years, plus 10 years for the gang enhancement and one year for the firearm-use enhancement.

B.    *The Superior Court Denies King's Petition Under Section 1172.6*

In May 2021 King filed a petition for resentencing under section 1172.6. Using a printed form, King checked boxes alleging that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that he pleaded guilty or no contest to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial under the felony-murder rule or the natural and probable consequences doctrine; and that he could not now be convicted of first or second degree murder because of changes to sections 188 and 189. King further alleged that he was not the actual killer; that he did not, with the intent to kill, aid and abet the killer; and that he was neither a major

participant in the felony nor acted with reckless indifference to human life. King also asked the superior court to appoint counsel to represent him during the resentencing proceeding.

The superior court appointed counsel to represent King, and the People filed an opposition to the petition. The People argued that the prosecution did not pursue a theory of felony murder or murder under the natural and probable consequences doctrine and that King was ineligible for relief because, "[g]iven the testimony provided at the preliminary hearing," the court held King to answer "for murder under the theory [of] direct aiding and abetting." The People argued that the evidence at the preliminary hearing showed King acted with malice and that the court would not have held King to answer unless it believed he acted with malice.[2]

---

[2] Because King pleaded no contest to voluntary manslaughter, there is no trial transcript. King argues the superior court cannot rely on the preliminary hearing transcript. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 991 [a court may not rely on the preliminary hearing transcript to find the defendant is not eligible for relief under section 1172.6 at the prima facie stage, even where the defendant stipulates the transcript provides a factual basis for a plea]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975-976 [holding a defendant to answer at the preliminary hearing "does not constitute a factual finding that the allegation is true" or "even constitute a determination that the allegation is supported by substantial evidence"]; *People v. Rivera* (2021) 62 Cal.App.5th 217, 226, 238 [a court may not rely on a grand jury transcript to find the defendant is not eligible for relief under section 1172.6 at the prima facie stage, even where the defendant stipulates the grand jury transcript provides a factual basis for a plea], review granted

4

Counsel for King filed a response, arguing the court's determination of probable cause at the preliminary hearing did not establish as a matter of law King had the intent to kill. Counsel argued that "[p]reliminary hearings are not fact-finding mechanisms as are trials," that certain evidence at the preliminary hearing was hearsay, that had King not pleaded no contest he "could have been convicted of murder or attempted murder," and that his no contest plea did not preclude relief under section 1172.6.

The superior court denied King's petition for resentencing without issuing an order to show cause. The court ruled section 1172.6 was "inapplicable because the defendant was not convicted under either felony murder or a natural and probable consequences theory, so there is no basis for resentencing." King timely appealed.

---

June 9, 2021, S268405, review dism. Jan. 19, 2022; see generally *Flores*, at p. 989 [courts "are split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing" under section 1172.6].) The People argue the court can. (See *People v. Pickett* (2023) 93 Cal.App.5th 982, ___ [2023 WL 4699902, p. 4] [a court can rely on a preliminary hearing transcript in certain circumstances]; *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 [a court may rely on a preliminary hearing transcript where the defendant admits the transcript provides the factual basis for the plea].) The Supreme Court has agreed to decide the issue. (See *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670.)

# DISCUSSION

A. *Section 1172.6*

Effective 2019, the Legislature substantially modified the law governing accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e). The latter provision requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); that the defendant, though not the actual killer, with the intent to kill assisted in the commission of the murder (§ 189, subd. (e)(2)); or that the defendant was a major participant in a felony listed in section 189, subdivision (a), and acted with reckless indifference to human life, "as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision. (§ 189, subd. (e)(3); see *Strong*, at p. 708; *Gentile*, at pp. 842-843.)

Section 1172.6 authorizes an individual convicted of felony murder or murder, attempted murder, or voluntary manslaughter based on the natural and probable consequences doctrine, "or other theory under which malice is imputed to a person based solely on that person's participation in a crime," to

6

petition the superior court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of the changes the Legislature made to the definitions of the crime. (See *People v. Strong*, *supra*, 13 Cal.5th at p. 708; *Lewis*, *supra*, 11 Cal.5th at p. 957; *People v. Gentile*, *supra*, 10 Cal.5th at p. 843.) If a section 1172.6 petition contains all the required information, the court must appoint counsel to represent the petitioner if requested. (*Lewis*, at pp. 962-963; see § 1172.6, subd. (b)(1)(A), (3).) The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief. (§ 1172.6, subd. (c).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'" (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; see *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; see *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

"Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*. "'[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,'" thereby deeming the petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*); see *Lewis, supra*, 11 Cal.5th at p. 971.) We review de novo an order denying a petition under section 1172.6 petition without issuing an order to show cause. (*Harden*, at p. 52; *People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

> B. *The Superior Court Erred in Denying King's Petition at the Prima Facie Stage*

King argues that the record did not foreclose the possibility that, had he proceeded to trial, he could have been tried and convicted of murder under a natural and probable consequences or felony murder theory and that the generic charge of murder against him did not "conclusively establish the theory upon which [he] was convicted," but instead "would have allowed the prosecution to pursue conviction on any theory." The People agree. They state: King "pleaded no contest to manslaughter under circumstances where, if the case had gone to trial on the murder charge, the prosecution could have plausibly proceeded under a natural and probable consequences theory of aiding and abetting. Thus, he is not necessarily ineligible for section 1172.6 relief as a matter of law. [Citation.] The judgment should be reversed and the matter remanded for the superior court to hold an evidentiary hearing under section 1172.6, subdivision (d)(3)."

We agree too. The information charging King with murder allowed the prosecution to proceed on a theory of felony murder

or under the natural and probable consequences doctrine at trial. "'The allegation that a murder was committed "'willfully, unlawfully, and with malice aforethought'" is a well-recognized way of charging murder in [a] generic sense.' [Citation.] The generic manner for charging murder, however, does 'not limit the People to prosecuting [defendant] on any particular theories.' [Citation.] '[I]t is well settled that "only a single statutory offense of murder exists." . . . Specifically, neither felony murder nor murder under the natural and probable consequences doctrine need be separately pleaded.'" (*People v. Davenport* (2021) 71 Cal.App.5th 476, 484; see *People v. Rivera* (2021) 62 Cal.App.5th 217, 233 ["despite the fact that the indictment charged [the defendant] with murder committed with malice aforethought, it allowed the prosecution to proceed on *any* theory of murder"], review granted June 9, 2021, S268405, review dism. Jan. 19, 2022; see also *People v. Didyavong* (2023) 90 Cal.App.5th 85, 96, fn. 4 ["A murder charged generically does not limit the prosecution to any particular theories of liability."], review granted June 28, 2023, S280047.)

And by pleading no contest to voluntary manslaughter, King did not admit he acted with malice (*People v. Nelson* (2016) 1 Cal.5th 513, 538) or guilt under any specific theory (cf. *People v. Flores* (2022) 76 Cal.App.5th 974, 987 [petitioner was not ineligible for relief where, "[i]n entering his plea, petitioner did not admit to or stipulate to any particular theory of murder"]; *People v. Eynon*, *supra*, 68 Cal.App.5th at p. 977 [petitioner who pleaded to a charge that he "did willfully, unlawfully, and with deliberation, premeditation, and malice aforethought murder" the victim was not ineligible for resentencing as a matter of law because the charge was a "generic murder charge [that] allowed

the prosecution to proceed on any theory of liability, including natural and probable consequences"]).  As the People acknowledge, King's plea and admissions "did not necessarily require [King] to concede that he acted with actual malice"; his plea and admissions "could also be consistent with the theory that [King] intended to aid and abet Lykes commit an assault with a firearm, and Lykes then committed the murder."  King, like the petitioner in *Eynon*, "did not admit facts supporting liability on any particular theory, and the generic pleading encompassed theories—such as natural and probable consequences . . .—that did not require the defendant to have acted with malice." (*Eynon*, at p. 977.)  As the People concede, the superior court erred in denying King's petition under section 1172.6 at the prima facie stage without issuing an order to show cause.

## DISPOSITION

The order denying King's petition under section 1172.6 is reversed. The superior court is directed to vacate its order denying the petition, issue an order to show cause, and conduct further proceedings in accordance with section 1172.6, subdivision (d).

SEGAL, Acting P. J.

We concur:

FEUER, J.

MARTINEZ, J.

11